UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID DEJERINETT,

    Plaintiff,

v.                                            Case No. 4:19cv203-RH-HTC

BURCH CAPTAIN,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff David Dejerinett's amended civil rights complaint (ECF Doc. 8), filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*. ECF Doc. 6. The undersigned has screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted.

**I.    Background**

The Court accepts all well-pleaded factual allegations of the amended complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994).

Plaintiff is a prisoner at Wakulla Correctional Institution (the "CI") and sues the Chaplain of the CI for violating his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). His entire statement of facts is as follows:

> I say here that the Chaplain took me off my diet [RDP] off a request [that] was sent in my name. According the [RDP] rule Procedure 503.006(B), after interviewing the inmate the Chaplain will confirm the inmate's removal from the CFO with an entry on the classification contact log [undecipherable], which he didn't interview me. I have all the proof you need, stating I was tak[en] off my diet without be[ing] seen. Which resulted in agitating & aggravating an existent mental health condition, which is depression, hearing voices, anxiety which cased self-harm, which my counselor has documented. His name is Chaplain Burch.

ECF Doc. 8 at 5. His statement of claims in its entirety is the following: "RLUIPA, Religion Land Use and Institutionalized Persons Act, caused self-harm, and didn't follow rules according to RDP by coming to speak with inmate. Have all the proof you need, this is time. All I have to say here." *Id.* at 7. He states only "Damages" in his relief requested section. *Id.*

In his original complaint, Plaintiff provided more details.[1] He claimed that on December 26, 2018, he was removed from his RDP / CFO diet ("Religious Dietary Practice / Certified Food Option") because another prisoner wrote to the Chaplain

---

[1] *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000) (stating that court may consider "the pleadings and exhibits attached thereto" when ruling on a motion to dismiss)). This is especially appropriate in the instant case, where the allegations in the two complaints do not contradict each other and the original complaint was certified as true under penalty of perjury. ECF Doc. 1 at 7.

Case No. 4:19cv203-RH-HTC

claiming to be the Plaintiff asking to be removed from the diet. *Id.* at 5. The Chaplain did not meet with the Plaintiff before authorizing the dietary change, even though that is allegedly required by prison procedures. *Id.* The Plaintiff found out and filed a grievance the following day, on December 27, 2018, which the Chaplain received on December 28, 2018. *Id.* Plaintiff was restored to his RDP / CFO diet on January 7, 2019, so he was off the diet for, at most, twelve (12) days. *Id.*

## II.     Analysis

Because Plaintiff is a prisoner, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Upon review, the undersigned respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).  In light of all these requirements, Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

### A.     **Plaintiff is Not Entitled to Damages Under RLUIPA**

The RLUIPA provides the following protection:

(a) General rule
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
>> (1) is in furtherance of a compelling governmental interest; and
>>
>> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C.A. § 2000cc-1 (West).  It then provides the following private cause of action:

> (a) Cause of action
>> A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.  Standing to assert a claim or defense

Case No. 4:19cv203-RH-HTC

>   under this section shall be governed by the general rules of standing under article III of the Constitution.
>
> (b) Burden of persuasion
>   If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of this title, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiff's exercise of religion

*Id.* at § 2000cc-2. The word "government" is used frequently in the statute and is defined as follows:

> (4) Government
>   The term "government"--
>     (A) means--
>       (i) a State, county, municipality, or other governmental entity created under the authority of a State;
>       (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and
>       (iii) any other person acting under color of State law;

*Id.* at § 2000cc-5.

Before reaching the merits of Plaintiff's RLUPIA claim, and as an initial matter, the relief sought by Plaintiff of "damages," which presumably means monetary damages, is not available to him under the RLUIPA. First, this Circuit has held that the RLUIPA does not "creat[e] a private action against individual defendants for monetary damages." *See Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007), *partly abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).

Case No. 4:19cv203-RH-HTC

Second, monetary damages are also not recoverable against the Chaplain in his official capacity.  Although the term "appropriate relief" is not defined anywhere in the statute, the Supreme Court has held that the term does not encompass monetary damages.  *See Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651, 1654 (2011).  The Court's holding is based on its determination that "RLUIPA's authorization of 'appropriate relief against a government' is not an unequivocal expression of state consent.'"  *Id.*[2]

Finally, to the extent, Plaintiff seeks other injunctive relief rather than monetary damages, such relief was mooted when the specialized diet was returned to Plaintiff.  *See Jackson v. Mann*, 196 F.3d 316, 318 (2d Cir. 1999) (request for preliminary injunction was mooted when prison officials agreed to give prisoner kosher meals pending outcome of litigation); *Rachamim v. Ortiz*, 147 F. App'x 731, 735 (10th Cir. 2005) (request for injunctive relief mooted by provision of kosher diet).

---

[2] Also, even before *Sossamon*, some courts have held that claims for compensatory, punitive and nominal damages under the RLUIPA were barred by the Prison Litigation Reform Act of 1995 ("PLRA") 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").  Although the PLRA's plain language has been construed to leave unaffected claims for nominal damages for a different type of injury, such as a constitutional injury, some courts held that the PLRA's damages limitation still applied to the RLUIPA, which is based on a statutory rather than constitutional basis.  *See, e.g., Shidler v. Moore*, 446 F.Supp.2d 942, 948 (N.D. Ind. 2006).  Under these cases, even if monetary damages were recoverable, they would be recoverable only upon a showing of physical injury, which Plaintiff does not allege in this case.

Case No. 4:19cv203-RH-HTC

**B.     Plaintiff's RLUIPA Claim Fails On Its Merits**

Plaintiff's RLUIPA claim also fails on its merits.  To establish a prima facie case under Section 3 of the RLUIPA, a plaintiff must show: (1) that he engaged in a religious exercise, and (2) that the religious exercise was substantially burdened by a government practice.  *Smith*, 502 at 1276.  "The plaintiff bears the burden of persuasion on whether the government practice that is challenged by the claim substantially burdens the exercise of religion."  *See id.* (quotation marks, alteration, and ellipsis omitted).  If the plaintiff establishes a prima facie case, the government must show that the challenged government practice is "in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest."  *Id.* (quoting 42 U.S.C. §§ 2000cc–1(a), 2000cc–2(b)).  The Eleventh Circuit explained the standard for "substantial burden" as follows:

> We have previously defined a "substantial burden" as being "significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." *Midrash*, 366 F.3d at 1227. More pertinent to the present action, we have made clear that, in order to constitute a "substantial burden" on religious practice, the government's action must be "more than ... incidental" and "must place more than an inconvenience on religious exercise." Id. (citation omitted). That is, to constitute a substantial burden under RLUIPA, the governmental action must significantly hamper one's religious practice.

*Smith*, 502 F.3d at 1277.

Here, the Chaplain took Plaintiff off his diet under the mistaken belief that Plaintiff had requested same, and then the Chaplain restored the RDP/CFO diet after

Case No. 4:19cv203-RH-HTC

Plaintiff filed a grievance. Thus, the deprival of the diet was not intentional and was "no more than … incidental." *See id.* Also, the short duration of the deprivation, a mere twelve (12) days, renders it a mere "inconvenience" rather than a "substantial burden" on Plaintiff's practice of his religion. *See id.* Accordingly, Plaintiff fails to state a claim under the RLUIPA.

Finally, to the extent that Plaintiff's claims can be read as based on alleged violations of the Florida Department of Corrections policies and procedures, they also fail to state a claim under 42 U.S.C. § 1983. Plaintiff claims that the Chaplain violated Florida Department of Corrections Procedure 503.006(B) in not interviewing him before taking him off the RDP diet. ECF Doc. 8 at 5. It is well settled that "a violation of a prison regulation without more does not state a constitutional violation." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Edwards v. Johnson*, 209 F.3d 772 (5th Cir. 2000)). "[T]he Supreme Court … made clear that mandatory language in state statutes and prison regulations is insufficient to create a protected liberty interest," *Mathews v. Moss*, 506 F. App'x 981, 984, n. 3 (11th Cir. 2013). Instead, Plaintiff is required "to show not just a violation of a state statute or regulation, but a violation of a protected liberty interest." *Moulds v. Bullard*, 452, F. App'x 851, 855 n.1 (11th Cir. 2011). Plaintiff fails to make any mention of a violation of a protected liberty interest in his first amended complaint.

## III. Conclusion

For the reasons discussed above, the undersigned finds that Plaintiff's amended complaint does not state a cause of action entitling him to relief. Although Plaintiff is a *pro se* litigant, the undersigned finds that, based on the facts alleged, allowing Plaintiff a second opportunity to more carefully craft his complaint would be futile. Indeed, Plaintiff was previously advised of the deficiencies of his initial complaint and provided a chance to make substantive amendments. ECF Doc. 7.

Accordingly, it is respectfully RECOMMENDED that this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted, and that the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.